UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH H. WATROUS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:10-CV-597 (JCH) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF PRESTON, ET AL., | : | MAY 19, 2011 |
| Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION FOR RECONSIDERATION [Doc. No. 92]**

Defendants move the court pursuant to D. Conn. L. Civ. R. 7(c) to reconsider its Ruling terminating as moot in part and denying in part the defendants' Motion to Dismiss. See Ruling Re: Motion to Dismiss (Doc. No. 90).

There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). Such a motion should not be granted where the moving party seeks solely to re-litigate an issue already decided. See Brophy v. Northrop Grumman Corp., 55 F. App'x 590, 593 (2d Cir. 2003). "'[R]econsideration will generally be denied unless the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court.'" Id. (second and third alterations in original) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)).

In their Motion for Reconsideration, the defendants do not point to any change in the controlling law or newly discovered information that might change the court's view of the original Motion to Dismiss. Instead, defendants argue that the court has applied the

wrong standard for a substantive due process claim, and the court's reconsideration is necessary to correct clear error or prevent manifest injustice. See Def.'s Mot. for Reconsideration, at 3. Specifically, the defendants contend that a substantive due process claim must allege more than that the defendants infringed on the plaintiff's property rights in an "arbitrary or irrational manner." Id.

The defendants' arguments do not persuade the court that it has committed clear error. The defendants have not presented any case law contrary to what has already been considered by the court. In four published decisions subsequent to the Supreme Court's decision in County of Sacramento v. Lewis, 523 U.S. 833 (1998), the Second Circuit Court of Appeals has held that, to prevail on a cause of action for violation of federal substantive due process in the land use context, a plaintiff must show that (1) he or she "had a valid property interest," and (2) the defendants infringed on that property right in an "arbitrary or irrational manner." Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 784 (2d Cir. 2007); O'Mara v. Town of Wappinger, 485 F.3d 693, 699 (2d Cir. 2007); Clubside, Inc. v. Valentin, 468 F.3d 144, 152 (2d Cir. 2006); Harlen Associates v. Incorporate Village of Minneola, 273 F.3d 494, 503 (2d Cir. 2001). The defendants have not demonstrated that the precedent relied upon by the court in articulating the "arbitrary or irrational" standard is no longer good law.

Declining to impose a more stringent standard for violation of substantive due process would not precipitate "manifest injustice." Virgin Atlantic Airways, Ltd., 956 F.2d at 1255. Even if the defendants are correct that governing precedent mandates a more stringent standard, the court has already held that Watrous has plead facts that go beyond mere arbitrary or irrational action by the defendants. See Ruling Re: Motion to

2

Dismiss (Doc. No. 90), at 12-13.  Watrous alleges that the defendants acted without any jurisdiction or authority over his property, and the defendants did so with the purpose of harassing Watrous and interfering with Watrous's property rights.  Id. at 13-17.  Under the defendants' interpretation of the elements of a substantive due process violation, the court would still deny the defendants' Motion to Dismiss Watrous's substantive due process claim.

For the foregoing reasons, the defendants' Motion for Reconsideration **[Doc. No. 92]** is **DENIED**.  Pursuant to Rule 12(a)(4), the defendants were required to file their Answer by May 17, 2011.  See Ruling Re: Mot. to Dismiss (Doc. No. 90), at 17 (warning that failure to file Answer by May 17, 2011 might result in the entry of default judgment).  Assuming, without deciding, that a Motion for Reconsideration tolls the time to file an Answer, the defendants' Answer is now due on May 27, 2011.  If the defendants fail to file an Answer by May 27, 2011, Rule 55(a) requires the clerk to enter the defendants' default.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of May, 2011.

                                              /s/ Janet C. Hall
                                              Janet C. Hall
                                              United States District Judge