UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KENNETH H. WATROUS,<br>　　　Plaintiff, | :<br>:    CIVIL ACTION NO.<br>:    3:10-CV-597 (JCH) |
| v. | :<br>:    **APRIL 26, 2013** |
| KENT D. BORNER, ET AL.,<br>　　　Defendants. | :<br>: |

**RULING AND ORDER RE: REQUEST FOR INJUNCTIVE RELIEF (DOC. NO. 1) AND PLAINTIFF'S MOTION TO AMEND/CORRECT JUDGMENT (DOC. NO. 165)**

　　　This case involves a cease-and-desist order recorded on a parcel of land (the "Property") owned by the plaintiff, Kenneth Watrous, and which is located at 8 Pequot Street in Preston, Connecticut. On March 23, 2010, Mr. Watrous filed this suit in state court against defendants the Town of Preston (the "Town"), the Town of Preston Inland Wetlands and Watercourses Commission (the "IWWC"), and Kent Borner, John A. Moulson, Robert M. Congdon, and Leonard Johnson (collectively, the "Individual Defendants"), alleging multiple federal constitutional violations, conspiracy, and a violation of the Connecticut Antitrust Act.

　　　On April 20, 2010, the defendants removed the case to federal court. See Doc. No. 1. On March 18, 2013, this case proceed to a jury trial on a single claim—a substantive due process claim—against the Individual Defendants. See Doc. No. 150. By the time of trial, all claims against the Town and the IWWC had been either withdrawn by Mr. Watrous or dismissed at the summary judgment stage. See Ruling on Summary Judgment (Doc. No. 133), and history of case described therein, at pages 1–3, 14–20, 44–45.

The jury returned a verdict in favor of Mr. Watrous, awarding compensatory and punitive damages with respect to Individual Defendants Mr. Borner, Mr. Moulson, and Mr. Congdon (collectively, the "Judgment Defendants"), and in favor of Individual Defendant Mr. Johnson against Mr. Watrous.  See Verdict Form (Doc. No. 161).  At the conclusion of trial, counsel for Mr. Watrous asked that this court enter an injunction against the Town and the IWWC, ordering the release of the cease-and-desist order on the Property and further enjoining those parties from enforcing inland wetland statutes or regulations against the Property.  At that time, counsel for the defendants, representing that a release for the cease-and-desist order had already been entered, argued that there was no need for an injunctive order.  In light of that representation, the court did not include injunctive relief in the Judgment (Doc. No. 164).

On April 21, 2013, counsel for Mr. Watrous filed a Motion to Amend or Correct the Judgment (Doc. No. 165) (the "Motion").  In the Motion, Mr. Watrous requested this court to amend its Judgment "to include the injunctive relief sought by Plaintiff in his complaint."  Motion at 1.  Mr. Watrous alleged that, on March 26, 2013, counsel for the defendants indicated to counsel for Mr. Watrous that an attorney representing the Town had prepared and signed a release.[1]  Id. at 2.  Counsel for Mr. Watrous also alleged that counsel for the defendants represented that a copy of that release would be sent to counsel for Mr. Watrous, but that counsel for Mr. Watrous had not received a copy.

On April 24, 2013, this court held a telephonic conference with counsel to discuss this Motion.  At that conference, this court stated that it intended to add injunctive relief

---

[1] During the April 24, 2013 telephonic conference, counsel for the defendants indicated that the release was prepared by a lawyer for signature by a Town official.

to the Judgment in favor of Mr. Watrous.  Subsequent to that conference, this court reviewed the record and concluded that, based on prior rulings during the past two years, no pending claims remained against either the Town or the IWWC.  Accordingly, this court cannot enter such an injunction against the Town or the IWWC.

Before considering whether to grant injunctive relief to Mr. Watrous, the court notes that Mr. Borner and Mr. Congdon are no longer members of the IWWC.  Therefore, the court finds that the request for injunctive relief as to them is moot.  See Shepherd v. Goord, 662 F.3d 603, 610 (2d Cir. 2011) (finding claims for declaratory and injunctive relief against officials moot where plaintiff was transferred out of facility); Martinez v. Winner, 771 F.2d 424, 443 (10th Cir. 1985) (finding that injunctive relief against party who was no longer in office "would have no meaning").  Moreover, the court agrees with the jury that the IWWC Agent, Mr. Johnson, did not violate Mr. Watrous's substantive due process rights.  Thus, the court enters no injunctive relief as to him.

The court finds that Mr. Watrous had a valid property interest in the Property at all times relevant to this case.  The court also finds that any cease-and-desist order recorded on the Property by the IWWC was of no legal effect against the Property, because the IWWC did not have jurisdiction over the Property at any time.  See Ruling on Partial Summary Judgment (Doc. No. 74) at 12.  The court finds that Mr. Moulson acted outside his authority under state law and, as a member of the IWWC, in his actions with respect to the Property in violation of Mr. Watrous's substantive due process rights.  Thus, Mr. Moulson violated Mr. Watrous's substantive due process rights.  See Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 784 (2d Cir. 2007);

Harlen Assocs. v. Incorp. Vill. of Mineola, 273 F.3d 494, 503 (2d Cir. 2001); see also Ruling on Summary Judgment (Doc. No. 133) at 36–40.  Further, the court finds that Mr. Watrous has suffered and is suffering irreparable harm:  the cease-and-desist order affects his ability to sell the Property.

The court understands that Mr. Moulson is currently the Chairman of the IWWC. See Minutes of the Town of Preston Inland Wetlands & Watercourses Commission dated April 16, 2013, http://www.preston-ct.org/images/stories/pdf/IWWC_2013/04.16.13_IWWCrm.pdf/ (listing "John Moulson" as Chairman).  Therefore, the court hereby AMENDS its Judgment as follows:

> It is hereby ORDERED that John A. Moulson is enjoined from any effort to enforce inland wetland statutes or regulations against the Property.  It is further ORDERED that John A. Moulson is enjoined from maintaining any cease-and-desist order on the Property and any notices of cease-and-desist order regarding the Property and recorded in the land records of the Town of Preston.  Finally, it is ORDERED that John A. Moulson take any and all steps, within his authority as Chairman of the IWWC, to forthwith remove or release any cease-and-desist orders recorded on the Property, including, if necessary, signing and recording a release for any such order.

**SO ORDERED.**

Dated at New Haven, Connecticut this 26th day of April, 2013.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge